**GRIFFIN v. CLEMMER, Director of Department of Corrections.**

No. 9904.

District of Columbia.

District of Columbia Circuit.

Decided July 19, 1948.

Mr. John M. Holzworth, of White Plains, N. Y., for appellant.

Messrs. George Morris Fay, United States Attorney, and Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., for appellee. Mrs. Grace B. Stiles, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

PER CURIAM.

This appeal is from an order denying a petition for a writ of habeas corpus. Appellant shot and killed a man named Hunter. His conviction of murder in the first degree was affirmed by this court. Griffin v. United States, — U.S.App.D.C. —, 164 F.2d 903, certiorari denied March 15, 1948, 333 U.S. 857, 68 S.Ct. 727. Respondent has moved to dismiss the present appeal as frivolous.

On his trial appellant claimed that Hunter threatened him and that he killed Hunter in self-defense. It was proved that Hunter's right hand was in his pocket when appellant shot him. The present petition says "it has been discovered" since the trial that Hunter had an open knife in this hand, and that the prosecutor knew and suppressed the fact. These statements are false. The present petition refers to the record of a recent hearing on a motion for a new trial on the ground of newly discovered evidence, which record was before this court on appeal in No. 9882, Griffin v. United States. That record shows that Hunter had, and the prosecutor knew he had, an open knife in his pocket but *not* in his hand. It shows that Hunter's hand was clasped around playing cards, so firmly that they stayed in his hand when it was removed from his pocket after his death. If the knife had been in his hand, as the petition says it was; or even if his hand had been empty, so that an inference might have been drawn that he was reaching for the knife; its presence would have given substantial support to appellant's story that Hunter threatened him. But since Hunter was neither holding nor reaching for the knife and, on the contrary, was firmly clutching playing cards, the fact that an open knife was readily available to him is strong evidence that he had no intention or thought of making a violent attack upon appellant. It therefore gives *no support* to appellant's contention that Hunter threatened him or appeared to do so. It even tends, in some degree, to refute that contention. Plainly, therefore, the prosecutor's course in not using the evidence of the open knife, while it may have been unwise, did not detract from the fairness of appellant's trial and is irrelevant in this proceeding.

The petition discusses an alleged conflict of testimony on the question whether playing cards were or were not lying about the room after the murder. That question is immaterial to appellant's guilt, and even if it were material to his guilt, the alleged conflict of testimony on the question would be irrelevant in this proceeding. The petition says "the testimony of the government's four eye witnesses was false and perjurous [sic], and furthermore * * *

962

was known to be such by the trial U. S. Attorney." This scandalous charge is without foundation. The petition says appellant's trial counsel did not intelligently, competently or faithfully represent him, but it states no fact that gives even colorable support to that conclusion. The other statements in the petition are obviously irrelevant.

The motion to dismiss the appeal is granted.

Appeal dismissed.